

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00189-CR
_____

LUIS FELIPE MATURINO-RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. 3712 (Counts I & II); Honorable Gordon H. Green, Presiding

April 19, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Luis Felipe Maturino-Rodriguez, appeals his two convictions for indecency with a child[1] and concurrent sentences of eleven years confinement, plus the assessment of a statutory fine of $100.00 in each case. Because Appellant's appointed

---

[1] *See* TEX. PENAL CODE ANN. § 21.11.

counsel has failed to file an appellate brief, we remand the cause to the trial court for further proceedings.

Appellant's brief was originally due February 7, 2022, but we granted Appellant's counsel, James Johnston, two extensions to file a brief. By letter of March 8, 2022, we admonished counsel that failure to file a brief by March 28 could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has not filed a brief.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)    whether Appellant desires to prosecute the appeal;

(2)    whether Appellant is indigent;

(3)    why a timely appellate brief has not been filed on Appellant's behalf;

(4)    whether Appellant's counsel has abandoned the appeal;

(5)    whether Appellant has been denied the effective assistance of counsel;

(6)    whether new counsel should be appointed; and

(7)    if Appellant desires to continue the appeal, the date the court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by May 9, 2022. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new

2

counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Johnston file a brief on or before April 29, 2022, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.